UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS R. LAFLEUR,<br><br>                                   Plaintiff,<br><br>v.<br><br>PORSCHE CARS NORTH AMERICA,<br>INC.,<br><br>                                   Defendant. | Case No.:  26-cv-03967-AJB-MSB<br><br>**ORDER REMANDING ACTION<br>FOR LACK OF SUBJECT MATTER<br>JURISDICTION** |

On June 8, 2026, Plaintiff Thomas R. LaFleur ("Plaintiff") filed a Complaint alleging two causes action against Defendant Porsche Cars North America, Inc. ("Defendant"). (Doc. No. 1 at 7–11.)  On July 9, 2026, Defendant removed the instant action to federal court pursuant to 28 U.S.C. §§ 1332,[1] 1441,[2] and 1446. (Doc. No. 1.) On July 10, 2026, the Court issued an Order to Show Cause as to why the action should not be remanded for lack of subject matter jurisdiction. (Doc. No. 4.)

---

[1]     Pursuant to 28 U.S.C. § 1332(a), "[a] federal court has [original] jurisdiction over the underlying dispute if the suit is between citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs (i.e., diversity jurisdiction)." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

[2]     "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Now before the Court is Defendant's amended notice of removal. (Doc. No. 5.) As with the initial filing, the amended notice asserts "Defendant PCNA, at the time this action was commenced, was and still is a limited liability company," provides the rule for determining citizenship of an LLC, and then proceeds to assert the factual basis for demonstrating citizenship of a corporation. (*Id.* ¶¶ 6, 7.) As support, Counsel for Defendant Nathaniel R. Cowden avers "Defendant PCNA, at the time this action was commenced, was and still is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Georgia, and was not and is not organized under the laws of the State of California, wherein this action was brought." (Doc. No. 5 at 6, Decl. of Nathaniel R. Cowden, ¶ 4.) No where does Defendant allege the members of the purported LLC or their citizenship. (*See generally* Doc. No. 5.) Defendant also attaches a print-out from the California Secretary of State Business/Entity Search Portal, which reflects "Entity Type: Stock Corporation – Out of State – Stock." (Doc. No. 5-3 at 4.)

In this second attempt to properly allege diversity jurisdiction, Defendant's assertions and evidence are in conflict. "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Thus, Defendant has not met its burden to establish jurisdiction is proper in this Court. The Court **REMANDS** the action back to state court.

**IT IS SO ORDERED.**

Dated:  July 14, 2026

Hon. Anthony J. Battaglia
United States District Judge

26-cv-03967-AJB-MSB